UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DELTA MARINE SUPPORT, LLC, ET AL.                    CIVIL ACTION

VERSUS                                                              NO. 21-2003

MARSH BUGGIES, INC., ET AL.                    SECTION "R" (1)

## ORDER AND REASONS

Before the Court is plaintiffs Delta Marine Support, LLC ("Delta Marine") and Shallow Water Equipment, LLC's ("Shallow Water") motion for partial summary judgment.[1] Defendants Marsh Buggies, Inc. and Liberty Mutual Insurance Company ("Liberty Mutual") oppose the motion.[2]

Because material facts remain in dispute, the Court denies the motion.

## I.    BACKGROUND

This case involves a dispute regarding liability for alleged damage to a spud barge. In March of 2021, plaintiff Delta Marine chartered the spud barge LA TIGER from plaintiff Shallow Water.[3] Delta Marine in turn

---

[1]    R. Doc. 8.
[2]    R. Doc. 9.
[3]    R. Doc. 8-5 at 3 (Charter Agreement between Shallow Water and Delta Marine) (Mar. 24, 2021).

chartered the LA TIGER to defendant Marsh Buggies.[4]   Marsh Buggies obtained a hull insurance policy (the "Policy") with defendant Liberty Mutual, covering the LA TIGER.[5]  The Policy names Delta Marine as the loss payee,[6] and provides that the insurance covers, *inter alia*, "any latent defect in the machinery or hull,"[7] as well as losses or damage caused by "[a]ccidents on shipboard or elsewhere," or "[n]egligence, error of judgment or incompetence of any person."[8]  The Policy expressly excludes from coverage "the cost of repairing, replacing or renewing any part condemned solely as a result of a latent defect, wear and tear, gradual deterioration or fault or error in design or construction."[9]  The Policy also excludes from coverage any damage that results from "want of due diligence by" Delta Marine.[10]

On March 24, 2021, the day the LA TIGER was chartered to Marsh Buggies, James Bailey, a credentialed marine surveyor, surveyed the barge.[11] Bailey's report noted, among other observations, that the deck plating on the

---

[4]  *Id.* at 4 (Charter Agreement between Delta Marine and Marsh Buggies) (Mar. 24, 2021).

[5]  R. Doc. 8-4 at 1-4 (Commercial Marine Hull Policy) (Apr. 1, 2021).

[6]  *Id.* at 34.

[7]  *Id.* at 33.

[8]  *Id.*

[9]  *Id.*

[10]  *Id.*

[11]  *See* R. Doc. 8-3 at 1-2 (Declaration of James Bailey) (Jan. 18, 2022).

barge was "moderately to heavily wash boarded throughout,"[12] including zero- to one-inch "random indents throughout."[13]  The survey report also indicated that other parts of the barge, including the spuds, spud engine, and spud winches, were operating properly.[14]  Bailey included twenty photographs of the barge at the time of inspection,[15] and concluded that the "spud barge, as described [in the report], [was] in good condition."[16]

On August 2 and 3, 2021, after the LA TIGER's return from Marsh Buggies, Bailey conducted another survey of the barge.[17]  This "off-charter" survey indicated that the deck plating was "heavily wash boarded," and that some areas are "set down" zero to two inches.[18] Bailey also found that the forward spud was broken, and its spud winch was "torn apart with pieces lying on the deck."[19]  Bailey included thirty pages of photographs documenting these observations, and recommended multiple repairs to the barge.[20]

---

[12]     *Id.* at 8 (Survey Report of James Bailey) (Mar. 24, 2021).
[13]     *Id.*
[14]     *Id.* at 7.
[15]     *Id.* at 16-25.
[16]     *Id.* at 15.
[17]     *Id.* at 26-58 (Survey Report of James Bailey) (Aug. 5, 2021).
[18]     *Id.* at 26.
[19]     *Id.* at 27.
[20]     *Id.* at 26-28.

On November 1, 2021, Delta Marine, Shallow Water, and Tidewater Dock, Inc., the owner of a different barge involved in this litigation,[21] filed suit in this Court, invoking federal admiralty jurisdiction under 28 U.S.C. § 1333.[22]  Plaintiffs allege that Marsh Buggies owes repair costs, charter-hire fees until the barge is repaired, and attorneys' fees.[23]  Plaintiffs allege that Liberty Mutual, as the hull insurer of the LA TIGER, owes repair costs, damages for its arbitrary denial of coverage, and bad-faith damages under La. Rev. Stat. §§ 22:1973 and 22:1892.[24]

On January 18, 2022, plaintiffs Delta Marine and Shallow Water moved for partial summary judgment.[25]  As to Liberty Mutual, movants seek coverage for (i) the broken spud, (ii) the broken spud winch, and (iii) the damaged deck.[26]  Movants represent that the first two items have already been repaired, but, because of cost, the deck has not yet been repaired.[27]  As to Marsh Buggies, movants seek the same damages for repairs to the barge,

---

[21]   Plaintiffs also allege damage to a barge named the DJV #3 and an excavator named the Linkbelt #24.  Only the LA TIGER is at issue on this motion for summary judgment.

[22]   R. Doc. 1 ¶¶ 1-7 (Complaint).

[23]   *Id.* ¶ 36.

[24]   *Id.* ¶ 40.

[25]   R. Doc. 8.

[26]   R. Doc. 8-1 at 1.

[27]   *Id.*

as well as charter-hire fees while the barge is inoperable, and attorneys' fees, which they contend are due under the parties' contract.[28]

Liberty Mutual and Marsh Buggies oppose the motion, asserting that material facts remain in dispute.[29]  Specifically, defendants argue that there are factual disputes regarding the nature, cause, and age of the damage to the barge, including the question of whether the alleged damage constitutes ordinary wear and tear.[30]  Defendants also argue that, despite movants' contentions, the LA TIGER is able to return to work in its current condition.[31]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence

---

[28]   *Id.* at 2.

[29]   R. Doc. 9.

[30]   *Id.* at 6-8.

[31]   *Id.* at 8.

in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's

6

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

The parties dispute coverage regarding the alleged damage to the deck of the LA TIGER. There appears to be no ongoing dispute regarding the barge's broken spud and spud winch. Liberty Mutual represents, and

7

plaintiffs do not contest, that defendants have offered to pay for the already-completed repairs to those parts of the barge.[32]   Accordingly, the Court addresses only the parties' dispute regarding the barge's deck.

The Court finds that multiple issues of fact regarding the nature, cause, and extent of damage to the deck of the LA TIGER preclude summary judgment.   Indeed, plaintiffs concede that they "cannot tell the Court precisely when and how the barge was damaged."[33]   While plaintiffs contend that the damage occurred during the charter, and was caused by the operations of Marsh Buggies, defendants' expert surveyor, Randy Bullard, opines that many aspects of the damage predated the charter.[34]   He notes that, at the time of Bailey's initial survey of the barge's deck, the "newer paint coating aids in camouflaging/blending the washboarding in [the] photos . . . , whereas the coating loss atop the internals in later photos emphasizes the washboarding by framing the depressions."[35]   Bullard further opines that certain problems on the deck identified at the off-charter survey "are visibly present at the time of [the first] survey."[36]   He also states that the washboarding identified by plaintiffs as damage is "within the industry

---

[32]   *Id.* at 2.

[33]   R. Doc. 8-1 at 7.

[34]   R. Doc. 9-5 at 2-3 (Bullard Report) (Jan. 31, 2022).

[35]   *Id.* at 3.

[36]   *Id.*

standard guidelines of normal wear and tear, and therefore [is] not characterized as damage."[37]  As noted above, wear and tear is excluded from coverage under the Liberty Mutual Policy.

Moreover, while plaintiffs assert that the damage to the LA TIGER has precluded the barge's return to service, defendants have introduced evidence to the contrary.  Specifically, Bullard states that, because the "LA TIGER is not a certificated or inspected vessel by Coast Guard standards/regulations, any maintenance or repair of the vessel would be at the discretion of the vessel owner, not by mandate of the Coast Guard."[38]  According to Bullard, there are thus "no existing restrictions to the continued, uninterrupted use of the vessel since the time of vessel return."[39]  Bullard also opines that "the condition of the vessel as returned would not make [it] unfit for its intended service."[40]  Facts regarding the operability of the LA TIGER therefore remain in dispute.

This conflicting record precludes any findings regarding whether the asserted damage to the LA TIGER amounts to ordinary "wear and tear" for the purposes of the Liberty Mutual Policy, and whether the vessel is able to

---

[37]  *Id.* at 5.
[38]  *Id.*
[39]  *Id.*
[40]  *Id.*

return to service.[41]   These uncertainties also render impossible any calculation of what Marsh Buggies might owe for repairs under the contract, as well as the necessity of those repairs, which in turn affects the extent of Marsh Buggies's obligations to pay charter hire and attorneys' fees.

Resolving the nature, extent, cause, and consequences of the damages to the LA TIGER, as well as the associated obligations of Marsh Buggies and its insurer, Liberty Mutual, will require, at the very least, an assessment of conflicting expert opinions, and interpretation and comparison of survey photographs.   These factfinding tasks and credibility judgments are not appropriate for the summary-judgment stage.   Because material facts remain in dispute, Delta Marine and Shallow Water are not entitled to summary judgment.

---

[41]     R. Doc. 8-4 at 33 (Commercial Marine Hull Policy) (Apr. 1, 2021).

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for partial summary judgment.


New Orleans, Louisiana, this __4th__ day of April, 2022.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11